IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

**Carla Bockla,**

    Plaintiff,

v.

**Frontier Hospice, LLC,**

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Carla Bockla ("Ms. Bockla" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Frontier Hospice, LLC ("Frontier" or "Defendant") and states as follows:

## NATURE OF ACTION

Plaintiff brings this action for damages as a result of Defendant's interference and/or retaliation with the Family Medical Leave Act of 1993 ("FMLA") in violation of 29 U.S.C.A. §§ 2601-2654; 29 C.F.R. Part 825 and discrimination against her on the basis of her disability in violation of The Americans with Disability Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990) ("ADA").

## PARTIES

1. Plaintiff is a resident of, and domiciled in, the State of Colorado during all times relevant to the allegations in this Complaint, residing at 751 Baxter Road, Pueblo, Colorado 81006.

2. Defendant is a Colorado corporation with a principal office, located at 4718 N. Elizabeth, Suite B, Pueblo, CO 81008 and has been operating the laws of the State of Colorado during all relevant time periods.

3. Plaintiff was employed by Defendant during all relevant time periods.

## JURISDICTION

4. The Court has jurisdiction over the federal claims in this action pursuant to 29 U.S.C. § 2601 and may exercise jurisdiction over the state claims pursuant to its authority under 28 U.S.C. § 1367(a).

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PROCEDURES

6. Ms. Bockla has timely and properly exhausted her administrative remedies by filing an initial Charge with the Equal Employment Opportunity Commission (Charge No. 541-2022-02499) on May 3, 2022, based upon grounds of disability discrimination.

7. This lawsuit is timely filed within 90 days after Ms. Bockla's receipt of a Notice of Right to Sue from the Equal Employment Opportunity Commission on August 8, 2023.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

9. Ms. Bockla began working for Defendant on or about September 14, 2015, as an Admissions Nurse until she was promoted to Director of Nursing ("DON") in the summer of 2018.

10. On January 13, 2022, Ms. Bockla was diagnosed with cancer, a qualifying disability under the Americans with Disability Act ("ADA'). Ms. Bockla immediately informed her employer and advised them of her upcoming appointments on January 18, 2022.

11. The day after her appointment, Ms. Bockla informed Frontier that she would be having surgery on February 2, 2022. Ms. Bockla also advised them that the doctor stated she would be out until mid to late February depending on her recovery. A temporary replacement for Ms. Bockla's position was discussed but not confirmed.

12. Ms. Bockla did let her staff know of her diagnosis. Ms. Bockla stated that she did not know how her treatment or diagnosis would progress, but she made it clear she was not resigning.

13. Ms. Bockla was never given Family Medical Leave Act paperwork, but was told she would be placed on FMLA. Frontier also never discussed reasonable accommodations under the ADA.

14. On January 25, 2022, Ms. Bockla informed the Administrator that since the doctor stated that she would be in pain for 10-14 days after the surgery, that she would work remotely beginning around February 16, 2022, and hopefully return to work on March 1, 2023.

15. On January 27, 2022, Ms. Bockla, the Administrator, and HR Manager discussed her leave for surgery. Again, it was understood that Ms. Bockla would be returning to her current position as the DON after her surgery.

16. However, as the meeting progressed, the Administrator kept trying to push Ms. Bockla to accept another role such as quality assurance, admission nurse, or as a case manager. All of these roles were demotions.

17. Ms. Bockla did not agree to accepting another role.

18. Regardless, the Administrator advised Ms. Bockla that they received two applications for her DON position but neither were was suitable for the job. Upon information

3

and belief, Frontier did not post for a temporary position but were looking to replace Bockla permanently.

19. On February 11, 2022, nine days after Ms. Bockla had extensive throat surgery to remove cancer, she sent a text to both the Administrator and the HR Manager explaining that she was still groggy from pain medication and that if she felt better, she would start working remotely on February 16th.

20. However, on February 15, 2022, Ms. Bockla sent a text to the Administrator and the HR Manager stating that she was still not quite ready to return to work and extended her FMLA leave until approximately February 21st.

21. Due to complications, Ms. Bockla was not able to begin work on February 21st. Ms. Bockla was still on FMLA and had it until the end of April. No one at Frontier told Ms. Bockla otherwise.

22. Ms. Bockla kept in contact with the Administrator and HR Manager, but they stopped responding. On March 1st, the DON job posting was removed and replaced with an Assistant DON posting.

23. The following day Ms. Bockla texted the Administrator privately and asked if everything was ok because she did not hear back from her. Ms. Bockla also asked if she would be returning to her DON role.

24. The Administrator answered that they were busy, and she didn't know because they had received some applications and had interviews lined up. Ms. Bockla advised her that she had a doctor's release to return to work for March 16, 2023.

25. On March 7th, Ms. Bockla received a text from the Administrator asking if she was up to doing QA remotely. Ms. Bockla replied "I'm up to starting QA. What did you have in mind?" She did not receive a response.

26. The following day, Ms. Bockla received a text from the Administrator stating, "Good morning, Carla, after some thought, we think right now it's best if you focus on you, your health and getting healthy again. Once you are 100% ready to come back full-time, we can discuss what a role would look like. We want you to fully heal and be healthy before the stress of work is back in your plate." It was clear that Bockla was not going to be allowed to return to her DON role.

27. Ms. Bockla was just two months out from cancer surgery and had a month left of her FMLA leave. Ms. Bockla felt she had no choice but to respond and state that she agreed for the time being because it was unclear if she would need additional treatment. Ms. Bockla did ask if Frontier hired anyone to replace her. She received no response.

28. On March 10th, Ms. Bockla had a meeting with the Administrator and HR Manager. They both stated that they had not hired anyone but had someone in mind. That someone was not Ms. Bockla. The meeting made Ms. Bockla realize that she was not going to be placed back into the position she had prior to her FMLA leave.

29. On March 14, 2022, Ms. Bockla went and cleaned out her office. However, she was still doing work for Frontier. Ms. Bockla continued taking calls from colleagues and helping with situations. This was all while she was still on unpaid FMLA leave.

30. On April 6, 2022, Ms. Bockla had a meeting with the Administrator in which she was informed that Frontier had hired an Assistant DON and was promoting the former Assistant DON into Ms. Bockla's position as DON.

31. By 5pm that same day, all Ms. Bockla's access to the system was removed. Frontier had also deactivated Ms. Bockla's work email and chat function. Ms. Bockla looked into the issue and found that the former Assistant DON was hired into Ms. Bockla's position back on February 28, 2022.

32. Ms. Bockla was wrongfully terminated due to her disability and for utilizing her rights under the Family Medical Leave Act.

## FIRST CAUSE OF ACTION
### (Interference and/or retaliation with the Family Medical Leave Act 29 U.S.C.A. §§ 2601-2654, 29 C.F.R. Part 825)

33. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 20.

34. Plaintiff was approved for FMLA.

35. Defendant interfered and/or retaliated against Plaintiff's right to use FMLA for her serious medical condition.

36. Plaintiff was terminated in interference and/or in retaliation of her rights under FMLA.

37. Defendant's actions are in violation of 29 U.S.C. §2615(a)(1), 2617(a), and 29 C.F.R. §825.2200.

38. As a result of the actions of Defendant, Plaintiff suffered damages.

## SECOND CAUSE OF ACTION
### (Disability Discrimination – ADA/ADAA)

39. The preceding allegations are incorporated by reference as it fully stated herein.

40. Defendant is an employer as that term is defined under the Americans with Disabilities Act, Pub. L. No. 101-336, 104 Stat. 328 (1990).

41. Plaintiff has a qualifying disability and/or was perceived as having a disability.

42. Defendant willfully and intentionally subjected Plaintiff to a disability discrimination.

43. Defendant knew its action violated the ADA or it was recklessly indifferent in that regard.

44. Plaintiff was discharged from her position in part due to the fact that she had a disability.

45. As a direct and proximate result of the foregoing actions and conduct of Defendant, Plaintiff has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, earnings, diminution of future earnings capacity, non-economic damages such as, but not limited to, mental anguish, inconvenience, attorney's fees, costs and expenses, and other damages to be determine at trial. Plaintiff claims compensatory damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

### THIRD CAUSE OF ACTION
### (Retaliation-ADA § 12203)

46. The preceding allegations are incorporated by reference as it fully stated herein.

47. Defendant's conduct in subjecting Ms. Bockla to the above-described adverse employment actions are in violation of the ADA § 12112.

48. The effect of these statutory violations was to deprive Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by the ADEA, ADA and/or ADAAA.

49. The statutory violations were intentional.

50. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Plaintiff's federally protected rights.

51. As a result of the actions of Defendant, Plaintiff suffered damages.

WHEREFORE, Plaintiff Carla Bockla respectfully request that this Court enter judgment in her favor and against Defendant, and award her damages for back pay, front pay and benefits, personal humiliation, severe emotional pain, inconvenience, mental anguish, future pecuniary loss and loss of enjoyment of life, punitive damages, liquidated damages, penalties, costs, interest and expert fees, attorney's fees, and such other further relief as this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 18th day of October 2023.

                Respectfully submitted,

                */s/Sara A. Green*
                Sara A. Green, Esq.
                BACHUS & SCHANKER, LLC
                950 17th Street, Suite 1050
                Denver, Colorado 80202
                Telephone: 303.893.9800
                Facsimile: 303.893.9900
                Sara.green@coloradolaw.net